UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-1494(DSD/FLN)

Kathryn McNelis,

        Plaintiff,

v.                                                              **ORDER**

JoAnne B. Barnhart,
Commissioner of Social
Security,

        Defendant.

This matter is before the court upon plaintiff's objections to the report and recommendation of United States Magistrate Judge Franklin L. Noel dated July 15, 2005. In his report, the magistrate judge recommended that plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment be granted. For the following reasons, the court adopts the report and recommendation in its entirety.

**BACKGROUND**[1]

Plaintiff Kathryn McNelis' application for social security disability benefits was administratively denied on May 24, 2000, and August 7, 2001. (AR at 29 & 36.) An administrative hearing was held before Administrative Law Judge ("ALJ") Michael D. Quayle

---

[1] The factual background in this matter is fully set forth in the report. (See R&R at 3-14.)

on April 10, 2002.  ALJ Quayle concluded that plaintiff was not entitled to disability insurance benefits.  (AR at 23.)  When the Social Security Appeals Council declined plaintiff's request for further administrative review, the ALJ's recommendation became the final decision of the Commissioner of Social Security.  (AR at 6.) Plaintiff sought judicial review of the commissioner's decision, resulting in Magistrate Judge Noel's recommendation that summary judgment be granted in favor of the commissioner.

## DISCUSSION

**I.  Applicable Standards**

This court reviews the reports and recommendations of the magistrate judge de novo.  See 28 U.S.C. § 636(b)(1)(c).  The court reviews the findings and decisions of the Commissioner of Social Security under the substantial evidence standard.  See 42 U.S.C. § 405(g); Jackson v. Bowen, 873 F.2d 1111, 1113 (8th Cir. 1989). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004) (quoting Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000)).  The substantial evidence test requires an analysis of the record as a whole and a balancing of evidence that supports the Commissioner's decision against evidence that detracts from its weight.   See id. at 805; Jackson, 873 F.2d at 1113 (citing

Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). The court "must decide whether on [the] record it would have been possible for a reasonable jury to reach the [Commissioner's] conclusion." Allentown Mack Sales & Serv., Inc. v. NLRB, 522 U.S. 359, 366-67 (1998).

The substantial evidence test does not permit the court to "displace the [Commissioner's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Universal Camera, 340 U.S. at 488; see also Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997) (holding that the ALJ's findings are not to be reversed merely because some evidence supports an alternative conclusion). Thus, the question before the court is whether, considering the entire record, a jury could have reasonably come to the same conclusion as the ALJ.

Plaintiff raises four objections to the ALJ's decision and the magistrate judge's report. First, plaintiff argues that the report is incorrect because the ALJ improperly discounted plaintiff's subjective complaints of pain. Second, plaintiff asserts that the magistrate judge incorrectly found that the ALJ adequately considered the side effects of her medication. Third, plaintiff contends that the number of her hospitalizations before the last

date insured[2] show that the ALJ erred in his RFC determination. Finally, plaintiff objects to the finding that she is able to engage in full-time employment in light of the vocational expert's testimony.[3]  The court addresses plaintiff's objections in turn.

**A.    Plaintiff's Subjective Complaints of Pain**

Plaintiff argues that the ALJ erroneously discounted her subjective complaints of pain.  Plaintiff's objection focuses on the ALJ's finding that her activities of daily living are inconsistent with her claims.  (AR at 21.)  The court notes that plaintiff's activities of daily living were but one of the bases for the ALJ's credibility determination.  Moreover, it is undisputed that the ALJ properly considered the entire record in his credibility analysis.  (See Pl.'s Objs. at 2.)  In determining the credibility of an applicant's assertions of subjective pain, the ALJ must follow the analysis set forth in Polaski v. Heckler,

---

[2] Plaintiff was insured for disability benefits through June 30, 1998.  It is undisputed that she must establish that she was disabled on or prior to that date.  (See AR at 16.)

[3] As an initial matter, the court notes that the ALJ followed the five-step sequential review of plaintiff's application called for by the regulations.  See 20 C.F.R. § 404.1520.  The regulations require that the ALJ first consider whether the applicant continues to work and if such work is substantial.  He next reviews the severity of the applicant's impairment.  At the third step, the ALJ is to determine whether the impairment equals an impairment listed in the regulations.  Fourth, the ALJ must make a determination of the applicant's residual functional capacity ("RFC") or ability to perform some type of work.  Finally, the ALJ considers whether the applicant's age, education and experience, together with his or her RFC, will allow the applicant to perform other work that is available in the relevant market.  See 20 C.F.R. § 404.1520(a)(4).

739 F.2d 1320, 1322 (8th Cir. 1984).  The ALJ must consider the applicant's testimony in light of his or her work history, the observations of third-parties and the testimony of physicians.  Id. at 1322.  The ALJ must specifically consider the applicant's daily routine, the duration, frequency and intensity of the alleged pain, any factors that may cause or aggravate the pain, the palliative and side effects of any medications and the functional restrictions imposed upon the applicant.  Id. at 1322.

After reviewing the administrative record, the court agrees with the magistrate judge that ALJ Quayle properly followed Polaski and thoroughly explained why he found plaintiff's reports of subjective pain less than entirely credible.  (AR at 19-22.)  The ALJ recounted plaintiff's numerous doctor visits that indicated her pain was often under control, that she did not demonstrate acute distress, that she often appeared relaxed and alert and that prior to 1999 she repeatedly expressed an intention to seek employment.

The ALJ also noted that plaintiff declined to participate in a pain program because her medication would be reduced by half (AR at 20) and that the medical record indicates her treating physicians are concerned that she is addicted to some medications (AR at 22).  He additionally noted that plaintiff's activities of daily living contradicted her claims of disabling pain.  (AR at

5

21.) For example, plaintiff grooms and bathes herself,[4] takes care of her dog, goes out to eat or to movies, watches TV, cleans the kitchen, cooks, drives, shops, reads and walks the dog. (AR at 21.) The Eighth Circuit has repeatedly upheld credibility findings based in part on these types of daily activities. See e.g., Ramirez v. Barnhart, 292 F.3d 576, 582 (8th Cir. 2002) (shoveling snow, driving, cleaning, shopping and caring for children); Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (household chores, reading, visiting friends, shopping and running errands). The medical opinions of treating and non-treating physicians also contradicted her claims of incapacitating levels of pain. (AR at 19-21.)

Plaintiff asserts that the magistrate judge erroneously stated that "she makes bullets and goes trap shooting with her father." (R&R at 19.) Both the magistrate judge and the ALJ noted these activities based upon an evaluation by a state agency medical consultant. (See AR at 592-93.) Plaintiff alleges that the consultant's report was mistaken. However, plaintiff provides no explanation why that particular aspect of the comprehensive evaluation was inaccurate. The consultant evaluated plaintiff for

---

[4] Plaintiff argues that questionnaires completed by family members demonstrate that she does not or cannot groom and bathe daily. However, she stated on her own questionnaire that she gets dressed and grooms daily. (See AR at 92-93.) Furthermore, plaintiff does not dispute the other daily activities noted by the ALJ, which adequately support his inconsistency finding.

over ten hours and reviewed numerous records before completing the eleven-page report. The ALJ and magistrate judge appropriately relied upon the report.

In considering plaintiff's work history, the ALJ noted that her scarce earnings record may indicate a lack of interest or need for full-time employment. (See AR at 22.) Plaintiff objects to the ALJ's failure to note that she was attending classes during that time. However, such a fact is not material because it does not contradict the ALJ's finding or otherwise show that he failed to consider her work history. For all of the above reasons, plaintiff's objection as to the ALJ's inconsistency finding is overruled.

### B. Side Effects of Medication

Plaintiff argues that the ALJ failed to consider the full extent of medication side effects she experiences. Plaintiff points to the fact that she takes high doses of narcotics and that collateral questionnaires indicate that she sleeps 16 to 17 hours per day. The magistrate judge thoroughly discussed the evidence and record concerning plaintiff's medication and side effects. He correctly observed that, although plaintiff "takes astonishing amounts of narcotics, none of the treating or consultive physicians opined that her condition or medications rendered her unable to do any work." (R&R at 22.) The medical evidence and testimony concerning plaintiff's medication side effects support the ALJ's

finding that her medications do not significantly affect her functioning. Therefore, plaintiff's argument must fail.

### C. Frequency of Hospitalization

Plaintiff argues that the number of hospitalizations she required before her last date insured is further evidence that the ALJ erred in his RFC finding. However, plaintiff fails to mention that a number of those hospitalizations did not involve the disability she alleges here, but rather involved a possible allergic reaction to latex. Furthermore, the hospitalizations do not detract from the substantial evidence on the record supporting the ALJ's decision. For these reasons, plaintiff's argument is rejected.

### D. Vocational Expert Testimony

Plaintiff objects to the finding that she can perform full-time employment, pointing to the vocational expert's testimony. The expert stated that she could not remember encountering an individual taking the amount of narcotics taken by plaintiff and still being able to function. However, the role of the vocational expert is not to evaluate medical evidence, but rather to "translate factual scenarios into realistic job market probabilities." Sample v. Schweiker, 694 F.2d 639, 643 (9th Cir. 1982); see also Webb v. Comm'r of Soc. Sec., 368 F.3d 629, 633 (6th Cir. 2004). Indeed, it is reversible error for an ALJ to rely upon testimony by a vocational expert to determine a claimant's

8

impairments and limitations. See Cook v. Heckler, 739 F.2d 396, 399 (8th Cir. 1984) (Secretary's decision reversed and remanded based in part on inappropriate weight given to vocational expert testimony). Here, the ALJ properly relied upon medical evidence in the record to determine plaintiff's RFC in light of the amount of medication she takes. Therefore, plaintiff's objection is overruled. Because substantial evidence supports the ALJ's conclusions, reversal is inappropriate.

## CONCLUSION

Where, as here, the court is confronted with substantial evidence supporting an ALJ's determination, the court may not reverse the decision merely because it might have judged the matter differently. See Hall, 109 F.3d at 1258; Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996). Therefore, after a de novo review of the motions, files and administrative record in this matter, and for the reasons stated, the court adopts the report and recommendation of the magistrate judge in its entirety. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment [Docket No. 9] is denied.

2.  Defendant's motion for summary judgment [Docket No. 12] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 15, 2005

                                             s/David S. Doty
                                             David S. Doty, Judge
                                             United States District Court